# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION
# AT COVINGTON

CIVIL ACTION NO. 17-41-DLB

RICHARD MCBEE                                                                                                         PLAINTIFF

VS.                       **MEMORANDUM OPINION AND ORDER**

CAMPBELL CO. DETENTION CENTER, et al.                   DEFENDANTS

\* \* \*\* \*\* \*\* \*\* \*\* \*\* \*\*

Richard McBee is an inmate confined at the Campbell County Detention Center ("CCDC"). McBee has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. # 1). The Court must conduct a preliminary review of McBee's complaint because he has been granted permission to proceed *in forma pauperis* and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

McBee's original Complaint in *McBee v. Campbell Co. Det. Ctr.*, No. 2:16-cv-57-WOB (E.D. Ky. 2016), asserted over a dozen claims loosely related to the ongoing criminal prosecution against him and to the conditions of his confinement at CCDC. (Doc. # 1). In that case, the Court screened McBee's complaint and concluded that it improperly joined numerous but unrelated claims against a variety of defendants, and ordered that these claims be severed into distinct cases. (Doc. # 3). This is one of those new cases. Before this Court are only McBee's fifth claim that the jail sold him postage stamps at a

markup (Doc. # 1 at 16); his ninth claim that the jail only permits him to shave twice a week with a dull razor (Doc. # 1 at 20-21); and his twelfth claim related to the environment of his cell and shower and the manner of his supervision and monitoring (Doc. # 1 at 23-26). (*See* Doc. # 3 at 7, 15).

But before a prisoner can file suit regarding the conditions of his confinement, federal law requires him or her to first exhaust all available administrative remedies at the jail. 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). When it is apparent from the face of the complaint that he or she failed to do so, the complaint may be dismissed without prejudice upon initial review. *Jones*, 549 U.S. at 214-15; *see also Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (where complaint made clear that prisoner failed to exhaust administrative remedies, district court may dismiss it *sua sponte* for failure to state a claim); *Barnett v. Laurel Cty., Ky.*, No. 16-5658, 2017 WL 3402075, at *1 (6th Cir. Jan. 30, 2017); *Fletcher v. Myers*, No. 5:11-141-KKC, 2012 WL 1802618, at *2 (E.D. Ky. May 17, 2012), *aff'd*, No. 12-5630 (6th Cir. Jan. 4, 2013) ("Because Fletcher's failure to exhaust, or to attempt to exhaust, administrative remedies is apparent from the face of his complaint, the district court properly dismissed Fletcher's complaint on that basis.").

Here, McBee admits in his Complaint that he did not exhaust his administrative remedies before filing suit. (Doc. # 1 at 34-35). He does offer a variety of excuses in an attempt to justify that failure, but none of them are sufficient. McBee's primary contention is that he did not file grievances regarding his claims because prison guards would not give him the "official" grievance forms. (Doc. # 1 at 34). But McBee acknowledges in his

Complaint that prison guards *did* provide him with a grievance form earlier in the year. (Doc. # 1 at 34, 36). More fundamentally, even if the guards did not give McBee the **11** official grievance forms he requested, *id.* at 34, a plaintiff's allegation that prison officials refused to give him grievance forms does not satisfy the exhaustion requirement. *Belser v. James*, No. 16-2578, 2017 WL 5479595, at *2 (6th Cir. 2017) (citing *Arbuckle v. Bouchard*, 92 F. App'x 289, 291 (6th Cir. 2004) ("[Plaintiff]'s bald assertion that [the grievance coordinator] refused to give him grievance forms is not enough to excuse the complete absence of evidence that he attempted to exhaust his administrative remedies for the many claims he raised in his district court complaint.")). In addition, McBee does not allege that he tried to and was prevented from filing grievances on an ordinary sheet of paper; instead, he accuses prison officials of playing "mind games." (Doc. # 1 at 35). That is not a sufficient basis for McBee to disregard the jail's grievance procedure.

McBee also claims the detention center "does not have a coherent grievance policy," and complains that the jail did not hold an orientation session to explain its grievance procedures to new inmates. (Doc. # 1 at 35). But "a prisoner's 'failure to exhaust cannot be excused by his ignorance of the law or the grievance policy.'" *Barnett*, 2017 WL 3402075, at *3 (quoting *Napier v. Laurel County*, 636 F.3d 218, 221 n.2 (6th Cir. 2011)). Nor does his conclusory assertion that CCDC's grievance procedure is "arbitrary" and "arbitrarily applied" (Doc. # 1 at 35) justify his refusal to follow it: a prisoner is required to exhaust his administrative remedies even if he subjectively believes a remedy is not available and even when he believes the procedures are ineffectual or futile. *Barnett*, 2017 WL 3402075, at *3 (citing *Napier*, 636 F.3d at 222.).

3

McBee admits in his Complaint that he did not exhaust his administrative remedies, and his attempts to explain that clear failure are not sound. The exhaustion requirement is a strong one, and where the plaintiff has not complied with it a district court may properly dismiss the complaint without prejudice to afford the plaintiff the opportunity to properly invoke and follow the jail's grievance procedures with respect to his concerns. *Napier*, 636 F.3d at 222. Accordingly,

**IT IS ORDERED** as follows:

(1)     Plaintiff Richard McBee's Complaint (Doc. # 1 at 16, 20-21, 23-26, Claims 5, 9, and 12) is **DISMISSED WITHOUT PREJUDICE**;

(2)     This action is **STRICKEN** from the Court's active docket; and

(3)     A corresponding Judgment will be entered this date.

This 9th day of January, 2018.



Signed By:
David L. Bunning
United States District Judge

K:\DATA\ORDERS\ProSe\McBee 17-41-DLB Memorandum RBW.docx